Dissenting Opinion.
Fenner, J.
1. Ordinance No. 7483 shows that the matters here involved are included only in the second section, and that the provisos touching the paving and wharves, relate exclusively to the wharf levee privileges, and have no connection with other privileges conferred in other parts of the ordinance.
2. It is clear that the obligation to pave can not be imposed on the railroad company without its assent express or plainly implied.
3. It is equally plain, from suitNo; 11,375 that, priorto Ordinance '2245, the railroad company did not consent to, but denied this obligation, and had never taken possession of the “levee, batture and wharf,” and could not do so, because the wharf lessees refused their consent.
4. If the railroad company had been willing to accept Ordinance 7488, nothing would have been necessary but to obtain the consent of the wharf lessees, and there was no necessity whatever for Ordinance 2285.
5. That ordinance shows that, independent of the consent of the lessees as recited in its preamble, it was necessary, in order to induce *27 the railroad company to act, to embody other new and additional conditions and stipulations, not only in the ordinance itself, but in an express contract between the parties.
6. Amongst those stipulations is found the following:
“Nor shall the rights of the said railroad company, as set forth in .said suit No. 11,375, be prejudiced in consequence of this ordinance and the said notarial agreement, which shall be according as the said case may be determined and as the right of the said railroad company may be adjudicated and decreed therein on final decree in the appellate court, which said suit shall proceed to a final termination THEREOF FOR THE PURPOSE OF FIXING THE RIGHTS OF THE PARTIES thereto; nor shall this agreement be offered in evidence or referred to in said suit.”
And in the contract entered into between the parties, the meaning ■of the words “Anal termination” was more fully expressed as being until said suit 1 ‘shall be adjudicated and decreed on Anal decree in the appellate court,” and that “said suit shall proceed to a Anal termination thereof for the purpose of Axing the rights of the parties thereto.”
7. Only after, and under the foregoing ordinance and contract, did the railroad company take possession of the wharves and levee.
8. It can not be disputed that the right'of the city to impose, and the obligation of defendant to [perform the duty of paving Levee ■street were directly at issue in suit No. 11,375.
I quote from the prayer of the city’s petition therein the following:
“That said company be ordered to pave, at its own expense, with square granite blocks, Levee street, from Louisa to Poland street,” and from the prayer of defendant’s answer and demand in reconvention, the following: “That the requirements of said Ordinance No. 7483, A. S., and for the paving of Levee street, with square granite blocks, from Louisa to Poland street, be decreed illegal, null and void.”
9. Unless the voluntary dismissal, by the city, of the suit No. 11,375, can be accepted as a termination thereof by “Anal decree in the appellate court,” or a compliance with the stipulation that “said suit shall proceed to a Anal termination thereof for the purpose of Axing the rights of the parties thereto,” I do not see how the city can prosecute the present action without violating her clear and solemn contract. If the words quoted have any meaning or purpose, *28 it is to prevent the very thing which the city has clone, viz: the discontinuance of the suit, and to require a final settlement by judicial decree, in that suit, of this contested right, as a condition precedent to such an action as the one now brought.
10. The sole purpose of Ordinance 2245 was to enable defendant to take possession of the wharves and levee without thereby accepting the provisos of Ordinance 7483, and to suspend all conflicting claims under the latter, until finally adjudicated in the pending suit, and to hold that by acting under the later ordinance, defendant accepted the former, seems to me to contradict and obliterate not only the terms hut the sole object and purpose of the later ordinance and contract.
However improvident may be the suit No. 11,375; however untenable may be the position taken therein by the company; however clear it may he that the company can not retain the wharf and levee privileges granted in the second section of Ordinance 7483, without performing the conditions attached to the grant — the stubborn facts ■ remain that the company had the option to accept or decline the grant, and by declining, to escape the conditions; that she has never • accepted the grant except sub modo and subject to new conditions expressly stipulated in a solemn contract; and that the city being a party to and bound by that contract, is powerless to repudiate it, to convert the company’s conditional acceptance into an absolute ac^ ceptance, and to deprive the company of its option to abandon the wharf and levee privileges, and thereby to escape the conditions of the grant.
For these reasons I concur in the view taken by the judge a quo and dissent from the opinion and decree herein.